

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 15, 1957

Honorable James A. Giddings
Acting Executive Director
Board for Texas State Hospi-
  tals and Special Schools
Box S, Capitol Station
Austin, Texas

Opinion No. WW-229

Re: Can the Comptroller approve
    payrolls submitted by the
    Board for Texas State Hos-
    pitals and Special Schools
    which include salaries for
    "teachers"? and related

Dear Mr. Giddings:

question.

      Your request for an Opinion, dated July 30, 1957,
states in substance that the budgets submitted by the various
institutions under the jurisdiction and control of your agency
provide for the payment of teachers employed by said institu-
tions during the ensuing biennium from funds appropriated for
medical care and treatment. You further state that the Comp-
troller of Public Accounts has raised the question as to whether
the appropriation to said institutions for the ensuing bien-
nium authorizes the employment and payment of personnel with
the position title of "teachers".

      You have, accordingly, propounded for our considera-
tion the following questions:

      1. Can the Comptroller approve payrolls sub-
mitted by the Board for Texas State Hospitals and
Special Schools which include salaries for
"teachers"?

      2. If the answer to the above question is in
the affirmative, may the salaries for these posi-
tions be paid from the appropriations for medical
care and treatment?

      Article II of House Bill No. 133, Acts 55th Legisla-
ture, Regular Session, 1957, page 918, appropriates funds to
the Board for Texas State Hospitals and Special Schools and the
respective institutions under its jurisdiction and control,
and Section 2b (1) of said Article reads in part as follows:

### "SPECIAL PROVISIONS RELATING TO ALL HOSPITALS, HOMES, SPECIAL SCHOOLS AND AGENCIES OR OFFICES IN ARTICLE II

"Sec. 2.  Salary provisions.  a.  All annual salaries shall be paid in 12 equal monthly installments except as otherwise provided herein.

"b.  **Salary rates.**  (1)  The Board for Texas Hospitals and Special Schools may employ personnel in hospitals and institutions only within the position titles shown and at an annual salary rate not to exceed those specified below, except for teachers, temporary labor, and certified specialists as provided for in this Article:  (Emphasis added)

"。 。 。"

"Teacher" is not listed as an authorized position title.  It is noted that the only reference to "teachers" in the foregoing section is contained in the underlined portions thereof.  However, subsection (3)d which follows, states:

"d.  Each classroom teacher or teacher of exceptional children in each State School or Home specified in this Article shall receive as a minimum salary the classroom or exceptional teacher's monthly salary rate specified in S.B. No. 116 Acts of the 51st Legislature, 1949, as amended. The governing board of each such State School or Home may recommend salary rates at amounts that will not exceed the salaries for like positions paid in the public schools in the city in which such State School or Home is located.

"However, such recommended salary rates in excess of the minimum amounts specified in S.B. 116, as amended, and the salary rates of principals, supervisors, and coaches in the special schools and homes specified in this Article, may not be paid without the advance written approval of the Governor after obtaining the advice of the Legislative Budget Board; but such approved rates shall never exceed the rates of pay for like positions paid in the public schools of the city in which the State School or home is located."

Article II of House Bill 133, page 917, also contains a reserve appropriation for special school teachers' salaries "to implement any increase in pay for school personnel granted by the 55th Legislature by amendment to S.B. 116, as amended". Specified sums, for the foregoing purpose, are appropriated to various schools and institutions under the control of the Board for State Hospitals and Special Schools.

At the outset we are confronted by the fact that "teachers" are not listed as one of the authorized position titles in Section 2 b (1) of Article II. Admittedly, the language of said Section, when viewed alone, is sufficient to exclude the employment of personnel with position titles other than those specified therein. However, in resolving the answer to the first question propounded we are of the opinion that our attention must be focused upon all the pertinent provisions of Article II of House Bill 133 and not upon said Section alone. Only by so doing can the intention of the Legislature be reasonably ascertained and effectuated.

The rule of construction by which we are guided in such cases is aptly stated by 39 Tex.Jur. 168, in the following terms:

". . . when it is necessary to construe an Act in order to determine its proper meaning, it is settled by a host of decisions that the court should first endeavor to ascertain the legislative intent, from a general view of the whole enactment. Such intent having been ascertained, the court will then seek to construe the statute so as to give effect to the purpose of the legislature, as to the whole and each material part of the law, even though this may involve a departure from the strict letter of the law as written by the legislature."

The Supreme Court of Texas in the case of Wood v. State ex rel Lee, 126 S.W.2d 4, stated the rule as follows:

"It is the settled law that statutes should be construed so as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect, even though the literal meaning of the words used therein is not followed. Also, statutes should never be given a construction that leads to uncertainty, injustice or confusion if it is possible to construe them otherwise. . . ."

Viewing the provisions of Article II of House Bill 133 in their entirety, we think that the Legislature has manifested a clear intent that personnel should be employed by the Board for State Hospitals and Special Schools in the position title of teachers. To hold otherwise would be to ignore the above cited provisions of said Article which, among other things, appropriates a reserve fund for teacher pay increases and sets forth the formula to be followed by the Board in setting the salaries for teachers.

You are accordingly advised that in our opinion the Comptroller of Public Accounts is authorized to approve payrolls submitted by the Board for Texas State Hospitals and Special Schools which include salaries for "teachers".

It is also our opinion that said salaries may be paid from the appropriations for medical care and treatment made to the various schools and institutions under the jurisdiction of said Board. The items covering appropriations for medical care and treatment are generally phrased as follows:

"Medical Treatment Salaries and Wages (nontransferable) including the following series: medical, laboratory, x-ray, caseworker, rehabilitation, medical records, psychology, pharmacy, chaplain, nursing and attendants (Includes professional fees and services)" (Emphasis added)

The instructional services and educational guidance afforded by the teachers is clearly an integral part of the rehabilitation program for each patient or student. For this reason we believe that "teachers" are properly a part of the rehabilitation series.

## SUMMARY

The Comptroller of Public Accounts is authorized to approve payrolls submitted by the Board for Texas State Hospitals and Special Schools, during the ensuing biennium, which include salaries for "teachers".

The salaries for teachers may be paid
from the appropriations for medical care
and treatment.

Very truly yours,

WILL WILSON
Attorney General of Texas

By   Leonard Passmore
Leonard Passmore
Assistant

LP:jl:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
J. W. Wheeler
Mark McLaughlin

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn